**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| BARRY JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:23-cv-1101-PLC |
| v. ) | |
| ) | |
| UNIVERSAL (STUDIOS) PICTURES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Plaintiff Barry Jackson's second motion for leave to proceed in forma pauperis in this civil action. (ECF No. 7).[1] The Court has considered the financial information provided in the motion, and has determined that Plaintiff is unable to pay the filing fee. The Court therefore grants the motion. Additionally, for the reasons discussed below, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard

This Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that, among other reasons, is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits or contains disrespectful or abusive language, *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988), or is undertaken for the purpose of harassing the defendant and not for the purpose of vindicating a

---

[1] Plaintiff filed a motion for leave to proceed in forma pauperis when he filed the Complaint, and later filed the instant motion in an apparent attempt to provide additional or updated information. Because the Court has determined to grant the instant motion, the Court will deny as moot the earlier-filed motion.

cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987).  When determining whether an action is malicious, the Court may consider the plaintiff's prior litigious conduct in addition to the complaint before it.  *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).  *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court liberally construes complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts

that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the complaint against an American film studio he refers to as "Universal (Studios) Pictures" and "Universal Pictures." (ECF No. 1 at 1, 2). For purposes of simplicity, the Court will refer to the Defendant as "Universal." Plaintiff identifies his claim as arising under "Civil Rights case (infring[e]ment)." *Id.* at 3. In the section of the form complaint provided for Plaintiff to set forth his statement of claim, Plaintiff alleges that his "creation was stolen" in 2015 or 2016 in St. Louis, Missouri. *Id.* at 5. Plaintiff claims Defendant caused harm by not paying him, and he identifies his injuries as "poverty, hacked and homeless." *Id.* On the form complaint's section titled "The Amount in Controversy," Plaintiff provides the following additional information related to his claim: "I'm owed $20 million! Universal hacked my computer, stole my script, used it for the movie Harriet, it was nominated for a Grammy and they didn't give me a piece of bread." *Id.* at 4.

The Complaint contains no other allegations, but in the motion for leave to proceed in forma pauperis Plaintiff filed on September 18, 2023, he wrote: "this production company is sabotaging my life through the internet to where I'm HOMELESS!" (ECF No. 7). Attached to the Complaint is a copy of a certification from the Copyright Office of the United States, certifying a February 25, 2020 claim to copyright a work identified as "Part 1 Iron Queen (1-30) and 3 Other Published Works." (ECF No. 1-1 at 1). A Certificate of Registration dated May 20, 2020 is also attached. As relief, Plaintiff seeks "$20 million for using my creation (script)." (ECF No. 1 at 5).

3

**Prior Litigation**

In July of 2021, Plaintiff filed a substantially similar action against Universal in this United States District Court.  *See Jackson v. Universal Studios,* No. 4:21-cv-854-PLC (E.D. Mo. 2021).  As in the case at bar, Plaintiff alleged that Universal hacked his computer and stole his "Iron Queen" script without compensating him.  On October 12, 2021, the case was dismissed on the basis that the complaint failed to state a claim upon which relief may be granted, and/or was frivolous or malicious.  Shortly thereafter, Plaintiff instituted a similar action against TSG Entertainment, alleging that his script "Extricate" was stolen and used to make the movie "X-Men."  *Jackson v. TSG Entertainment,* No. 4:21-cv-927-RLW (E.D. Mo. 2021).  On October 13, 2021, the Honorable Ronnie L. White dismissed the action on the basis that the complaint failed to state a claim upon which relief may be granted, and/or was frivolous or malicious.  This Court takes judicial notice of the foregoing prior litigation, the records of which are public records filed in this United States District Court that relate closely to the case at bar.  *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (citations omitted).

Both of the foregoing cases included a recitation of Plaintiff's litigation history in Missouri State court, which reveals a pattern of repetitive lawsuits.  For example, in 2019, Plaintiff sued Mark Zuckerberg, Jack Dorsey, and Chad Hurley, the founders of Facebook, Twitter, and YouTube, respectively.  *Jackson v. Zuckerberg*, *et al.*, No. 1922-CC00618 (22nd Jud. Cir. Mar. 22, 2019).  Plaintiff claimed the defendants sold his information, causing him to suffer a cyber attack and be shot at by snipers, among other allegations.  Zuckerberg moved for dismissal, and at the September 2019 hearing on the motion, the judge found Plaintiff in civil contempt for cursing at him multiple times.  The State court granted Zuckerberg's motion to

dismiss for lack of personal jurisdiction and for failure to state a claim, and eventually dismissed the remaining claims for failure to prosecute.

Also in 2019, Plaintiff sued Warner Brothers Films for allegedly stealing his "Iron Queen" script from his computer, and using it to make the movie "Harriet." *Jackson v. Warner Brothers Films*, No. 1922-CC11738 (22nd Jud. Cir. Oct. 15, 2019). Warner Brothers moved to dismiss on the basis that Plaintiff's allegations were frivolous and failed to state claim, and also asserted that it did not produce the film "Harriet." The state court granted the motion, and dismissed the case in March of 2020.

In 2020, Plaintiff filed four actions in State court to allege copyright infringement, two of which were against the Defendant in the instant case. *See Jackson v. Universal Studio*, No. 20SL-CC00357 (21st Jud. Cir. Jan. 21, 2020) and *Jackson v. Universal Studios*, No. 20SL-CC03946 (21st Jud. Cir. Aug. 7, 2020). In these actions, Plaintiff claimed Universal hacked his computer and stole his "Iron Queen" script, and used it to make movies. In the first action, Plaintiff claimed Universal offered him "a bag of money at the Library on 367," which he declined because he is a "Freelance writer" and does not "do Long Term contracts." That action was dismissed in June of 2020 after Plaintiff failed to pay the filing fee. Plaintiff filed the second action shortly thereafter, and claimed Universal stole his script from his laptop, rearranged it, and used it to produce the award-nominated "Harriet." At present, that matter remains pending.

In another 2020 State court copyright action, Plaintiff sued "Paramount Films" for stealing his script to make the movie "X-Men Apaculpse [sic]." *Jackson v. Paramount Films*, No. 20SL-CC00358 (21st Jud. Cir. Jan. 21, 2020). According to Plaintiff, Paramount made $5 billion from the movie and didn't give Plaintiff a "honey bun." The case was eventually

dismissed when Plaintiff failed to pay the filing fee. Also in 2020, Plaintiff sued "Twenty Century Fox ENT" for stealing his script "Extricate" and making billions of dollars from it without giving him a "dime." *Jackson v. Twenty Century Fox Ent.*, No. 20SL-CC02655 (21st Jud. Cir. May 7, 2020). On March 17, 2022, the matter was dismissed due to failure to prosecute. This Court takes judicial notice of the foregoing Missouri State court public records, as obtained via Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007).

## Discussion

Having thoroughly reviewed and liberally construed the Complaint, the Court concludes it contains insufficient assertions to state a plausible copyright infringement claim. "To prevail on [a] copyright infringement claim, [a plaintiff] must prove ownership of a valid copyright and copying of original elements of the work." *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 962-63 (8th Cir. 2005) (internal quotations and citation omitted). A plaintiff may establish the "copying" element by presenting direct evidence, or by showing that the defendant had access to the copyrighted materials and that a substantial similarity exists between the alleged infringing materials and the copyrighted materials. *Id.* at 964.

Here, Plaintiff asserts that Defendant stole his creation in "I think 2015 or 2016," but the copyright materials he attached to the Complaint are dated in 2020. (ECF No. 1 at 5). There is no clear allegation that Plaintiff owned a valid copyright at the time Defendant allegedly stole his creation. Even if Plaintiff had so alleged, he makes no attempt to allege facts describing how his creation and the allegedly infringing material are substantially similar, or even related. Additionally, Plaintiff's suggestion that Universal stole his creation by somehow hacking his computer does not appear grounded in reality. Plaintiff does not assert, nor can the Court discern, any other valid legal theory under which his claims could be brought. The Court

6

therefore concludes the Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

This action is also subject to dismissal because it is frivolous.  Plaintiff's allegations that Universal owes him $20 million because it somehow stole his creation and used it to make a movie are not grounded in reality, and instead are "clearly baseless" under the standard set forth in *Denton v. Hernandez*, 504 U.S. 25 (1992) (allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible.").  Finally, this action is subject to dismissal because it is malicious.  As described above, Plaintiff has filed repetitive and meritless lawsuits against this Defendant and others to assert the same or similar claims.  It therefore appears that this action is part of a pattern of abusive and repetitive lawsuits, not a legitimate attempt to vindicate a cognizable right.  *See Tyler*, 839 F.2d 1290,  *Spencer*, 656 F. Supp. 458. For all of the foregoing reasons, the Court has determined to dismiss this action at this time, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has also filed a motion seeking the recusal or disqualification of the Honorable Patricia Cohen, the United States Magistrate Judge to whom this case was assigned.  In support, Plaintiff complains that Judge Cohen did not "send me a court date," he states he "didn't meet my public defender, never knew his name, never talked to him on the phone," and he states that proper court procedures were not followed.  (ECF No. 6).  The motion is nothing upon which relief may be granted, and will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to proceed in forma pauperis in this action (ECF No. 7) is **GRANTED**.

7

**IT IS FURTHER ORDERED** that Plaintiff's earlier-filed motion seeking leave to proceed in forma pauperis in this action (ECF No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Disqualify Judge (ECF No. 6) is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of October, 2023.

_/s/ Sarah E. Pitlyk_
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE